UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT YOUNGSTOWN

| | |
|---|---|
| **ADAM S. WALDECK,**<br>2024 Glacier Road<br>New Springfield, OH 44443-9713<br><br>  Plaintiff,<br><br>  v.<br><br>**PNC BANK, NATIONAL ASSOCIATION,**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>  Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adam S. Waldeck, through counsel, states as follows for his complaint against Defendant PNC Bank, National Association:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Adam S. Waldeck ("Plaintiff" or "Waldeck") owns property located at and commonly known as 2024 Glacier Road, New Springfield, Ohio 44443-9713 (the "Home").

2. Plaintiff maintains the Home as his primary, principal residence.

3. In order to refinance a pre-existing mortgage loan on the Property, on or about October 22, 2013, Plaintiff borrowed money and executed a note in the amount of $54,400.00 payable to Green Tree Servicing LLC (the "Note") and granted a contemporaneous mortgage on the Home (the "Mortgage") to secure payment of the Note (collectively, the "Loan").

4. Defendant PNC Bank, National Association ("Defendant" or "PNC") is a National Banking Association formed under the laws of the United States with its principal place of business located in Pittsburgh, Pennsylvania.

5. Jurisdiction over the claims against PNC is conferred by 28 U.S.C. § 1331 as this action arises under the Electronic Funds Transfers Act, 15 U.S.C. § 1693, *et seq*. (the "EFTA").

6. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## STATEMENT OF FACTS

### (Problems with ACH Payments towards the Loan)

8. Non-party LoanCare LLC ("LoanCare") has sub-serviced the Loan on behalf of the Loan's servicer, non-party NewRez, LLC, since June 2019.

9. Plaintiff maintains a "Business Checking" account with PNC (the "Account") through which he makes payments on the Loan through Automated Clearing House (ACH) transactions.

10. Beginning in or around June 2019, Plaintiff authorized ACH payments from the Account to LoanCare.

11. From June 2019 through January 2020, Plaintiff's ACH payments did not reference an account number for the Loan and Plaintiff's monthly payments would be manually applied to the Loan. *See*, correspondence from LoanCare, attached as **Exhibit 1**.

12. At no point in or around January or February 2020 did Plaintiff alter his authorizations for his monthly ACH payments for the Loan.

13. Despite this, Plaintiff's ACH payment on or about February 21, 2020, intended to satisfy the amounts due and owing for the March 2020 periodic payment (the "February

Payment"), referenced an incorrect account number for the Loan and the manual processor was unable to locate the correct account to which the February Payment should be applied. *See*, Exhibit 1.

14. LoanCare claims to have returned the February Payment on or about February 25, 2020 as part of a bulk payment through non-Party Fiserv, Inc., but the funds were never returned to Plaintiff's Account and Plaintiff has lost the use of these funds. *See*, Exhibit 1; *see also*, a copy of a history of the Account from June 28, 2019 through May 19, 2020, attached as Exhibit 2.

15. Because the February Payment was returned, Plaintiff's ACH transaction on or about March 23, 2020, intended to satisfy the amounts due and owing for the April 2020 periodic payment, was instead applied to the payment due and owing for March 1, 2020 and Plaintiff incurred a late fee in the amount of $14.39. *See*, Exhibit 1.

16. The situation with the March 23, 2020 ACH transaction occurred once more with the April 2020 transaction with Plaintiff incurring another late fee. *See*, Exhibit 1.

17. Plaintiff's ACH payment processed in May 2020 (the "May Payment"), which absent the issues with the February Payment, would have have been in satisfaction of the amounts due and owing for June 1, 2020, was rejected in the same manner as the February Payment as it referenced an incorrect account number. *See*, Exhibit 1.

18. Through July 24, 2020, due to the return of the February Payment and the May Payment, the Loan was due for the payment due and owing for May 1, 2020 with the Borrower having incurred five (5) late fees through such time totaling $71.95. *See*, Exhibit 1.

**(Problems with ACH Payments towards the Loan)**

19. Plaintiff first became aware of the issue with the February Payment upon receipt of a "PAYMENT REMINDER NOTICE" from LoanCare dated March 17, 2020 stating the Loan was past due for the March 1, 2020 payment. *See*, a copy of such notice, attached as **Exhibit 3**.

20. Plaintiff submitted multiple reports and complaints to PNC regarding the handling of the February Payment.

21. Specifically, for example, on or about March 28, 2020 and April 9, 2020, Plaintiff submitted disputes regarding the February Payment to PNC.

22. On or about April 3, 2020, PNC sent correspondence regarding the March 28, 2020 complaint stating that PNC had contacted LoanCare, but that LoanCare would not release account information to PNC as a third party. *See*, a copy of such correspondence, attached as **Exhibit 4**.

23. To facilitate the investigation into the errors regarding the February Payment, Plaintiff took extraordinary steps including facilitating a three-way conference call between representatives of LoanCare and PNC so that PNC could have authorization and access to any necessary information from LoanCare as part of its investigation.

24. On or about April 15, 2020, PNC responded that "[b]ased on [its] investigation, [it] determined that no error occurred as your payment was processed as instructed." *See*, a copy of such correspondence, attached as **Exhibit 5**.

25. Plaintiff submitted multiple other such requests and disputes concerning the February Payment and the May Payment and received similar responses thereto claiming that there had been no error in PNC's handling of said ACH payments.

26. At no point in time did PNC acknowledge or address the fact that the ACH payments were not sent in a consistent manner with the February Payment and the May Payment

being processed with incorrect account information for the Loan which caused those payments to be rejected.

## DAMAGES AND IMPACT UPON PLAINTIFF

27. Prior to the issues related to the February Payment and May Payment, Plaintiff's credit standing was immaculate without having so much as a single late payment on his credit report from TransUnion and, upon information and belief, Plaintiff's FICO Score exceeded 800.

28. Following the issues related to the February Payment and May Payment, Plaintiff's credit standing deteriorated substantially with multiple late payments being reported by LoanCare on his credit reports with Equifax and Experian.

29. Per his credit reports obtained from Equifax and Experian, Plaintiff had no negative credit history with any entity or regarding any other account than the Loan associated with LoanCare and his FICO Score had plummeted to roughly 650.

30. Due to PNC's actions, Plaintiff has been wrongfully and unnecessarily declared delinquent on his obligations under the Loan, has been charged unwarranted late fees and costs due to this manufactured delinquency, and has subsequently suffered harm to his credit rating.

31. PNC's improper actions have further caused Plaintiff to suffer from other damages including:

   a. The loss of use of at least $410.00, the funds representing the February Payment that was rejected by LoanCare and returned to PNC, but was no reapplied to the Account;

   b. Lost time and expenses incurred in submitting requests and disputes to PNC and LoanCare in fruitless attempts to ascertain the source of the problems surrounding the February Payment and May Payment;

    c. Legal fees and expenses to submit requests for information and notices of error to LoanCare in an attempt to obtain information related to the transactions at issues and to have it correct errors Plaintiff believed it had committed since PNC had denied any wrongdoing, responsibility, or liability;

    d. The Loan has been assessed improper fees and charges due to the manufactured delinquency;

    e. The time loss of the February Payment and May Payment for the time between the processing of each such payment until the rejection and return of each such payment;

    f. Severe emotional distress driven by this manufactured delinquency and by fear that this manufactured delinquency would be the start of a slippery slope leading to a potential default and foreclosure unless they pay for fees which were unnecessarily incurred to no fault of Plaintiff which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

## COUNT ONE:
## VIOLATION OF THE EFTA, 15 U.S.C. § 1693, *et seq*.

**(Unauthorized electronic transfer of funds from Plaintiff's bank account)**

    32. Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

    33. PNC, as a national bank, is a "financial institution" as defined by 15 U.S.C. § 1693a(9).

34. The Account is an "account" as defined by 15 U.S.C. § 1693a(2) as it is an account established and used primarily for personal, family, or household purposes, namely the payment of the Loan for Plaintiff's Home.

35. The February Payment and the May Payment, as ACH payments, are each an "electronic fund transfer" as defined by 15 U.S.C. § 1693a(7).

36. PNC committed an error in relation to each the February Payment and the May Payment by making "an incorrect electronic fund transfer from...the [Account]" in that each such payment contained an incorrect account number for the Loan unlike each other periodic payment towards the Loan remitted to LoanCare. *See*, Exhibit 1; *see also*, 15 U.S.C. § 1693f(f).

37. PNC failed to properly make the electronic funds transfers in accordance with the terms and conditions of the account and Plaintiff's authorization by making the February Payment and May Payment with an incorrect account number for the Loan.

38. PNC's actions in failing to properly make the February Payment and May Payment constitutes violation of the EFTA for which PNC is liable for actual damages caused pursuant to 15 U.S.C. § 1693h(a).

39. Plaintiff submitted a notice of error to PNC within sixty (60) days of the February Payment which adequately noticed Plaintiff's name and account number, that an error occurred in relation to the February Payment, the reason for Plaintiff's belief that an error occurred as required by 15 U.S.C. § 1693f(a). *See*, Exhibit 3.

40. In response to Plaintiff's notice of error, PNC determined that no error occurred. *See*, Exhibit 5.

41. In finding that no error occurred, PNC faxed proof of payment to LoanCare to assist in resolving the issue, but seemingly failed to investigate whether the February Payment was sent

for the correct mortgage account, rather, merely just determining that PNC had, in fact, sent the February Payment to LoanCare. *See*, Exhibits 1, 4, and 5.

42. Upon information and belief, PNC was aware of the correct account number for the Loan, but did not utilize or reference this information in its review of the notice of error meaning that PNC's determination that no such error occurred could not have been reasonably drawn from the evidence available to PNC.

43. Due to PNC's actions in failing to properly investigate the notice of error remitted concerning the February Payment, PNC is liable to Plaintiff for actual damages, statutory damages, along with costs and reasonable attorneys' fees. *See*, 15 U.S.C. § 1693m(a).

44. Further, PNC's determination that no error occurred could not reasonably have been drawn from the evidence available to it, Plaintiff is entitled to treble damages determined under 15 U.S.C. § 1693m(a)(1). *See*, 15 U.S.C. § 1693f(e)(2).

## COUNT TWO:
## UNJUST ENRICHMENT

45. Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

46. Plaintiff conferred a benefit, the February Payment, which was returned to PNC on or about February 25, 2020 and PNC had knowledge of that benefit. *See*, Exhibit 1.

47. PNC voluntarily accepted and retained the benefit conferred.

48. PNC has not returned the funds from the rejected February Payment to the Account and has instead wrongfully and unjustly retained the same. *See*, Exhibit 2.

49. The circumstances render PNC's retention of said benefit inequitable as Plaintiff did not receive the value of the benefit, that is, having the February Payment applied to the Loan in satisfaction for the payment due and owing under the Loan for March 1, 2020.

50. PNC has been unjustly enriched at the direct expense of Plaintiff in the amount of at least $410.00 from its retention of the rejected February Payment. *See*, Exhibits 1 and 2

51. As a result of PNC's unjust enrichment, PNC is liable to Plaintiff for actual damages as further described, *supra*, including disgorgement of all monies unlawfully accepted by PNC from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Adam S. Waldeck prays that this Court grant judgment against Defendant PNC Bank, National Association, and award him the following:

A. An award for actual damages as to Counts One and Two;

B. An award of treble damages as to Count One;

C. An award of statutory damages in the amount of One Thousand Dollars ($1,000.00) as to Count One;

D. An award of reasonable attorneys' fees and costs; and,

E. For such other relief which this Court may deem appropriate.

Respectfully submitted,

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff Adam S. Waldeck*

**JURY DEMAND**

Plaintiff Adam S. Waldeck hereby respectfully demands a trial by jury on all such claims that may be so tried.

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Dann Law
*Counsel for Plaintiff Adam S. Waldeck*